BOND, Justice.
 

 The plaintiff, Board of Commissioners of the Red River, Atchafalaya and Bayou Boeuf Levee District, is appealing from a judgment of the district court maintaining the exception of no cause or right of action to a petition filed by plaintiff against defendants, Ferdie Trouille and John F. Wartelle, property owners along Bayou Cocodrie, Parish of St. Landry, La., seeking an injunction to prohibit the defendants from further interfering with certain levee construction improvements over the lands allegedly appropriated by the plaintiff for that purpose.
 

 The well-pleaded facts in the case, which according to the jurisprudence of this State, must be accepted as true in the disposition of the exception of no cause or right of action, are substantially set forth as follows :
 

 That the federal government under the Flood Control Act; Public Law 228, 77th Congress, 1st Session, 55 Stat. 638, in authorizing the construction of the project known as “Improvement of Bayous Rap-ides, Boeuf and Cocodrie” required that local interests should provide the necessary right of way without cost to the United States; that the Board of Commissioners of the Red River, Atchafalaya and Bayou
 
 *79
 
 Boeuf Levee District under Act 287 of 1940 is authorized to appropriate rights of way for accomplishment of improvements outside of its. own levee district; that acting under the provisions of said statute the Board proceeded to pass a resolution appropriating lands necessary for the project after recording the required proces verbal approved by the Director of Public Works; that the federal government, after having received assurances from the plaintiff that the necessary rights of way would-be provided, let the contract for the construction of said project to Forcum-James Company; that when this company entered the appropriated lands for the purpose of commencing operations for the deepening and widening of Bayou Cocodrie as a part of the project, the defendants interfered with them, threatening verbally and in writing to use force to eject them;- that specific acts of interference included the arrest of the superintendent and two employees of the construction company, who were charged with criminal trespassing; and that because of these interferences of the defendants, the work could not be continued, and plaintiff will suffer irreparable injury, loss and damage.
 

 Plaintiff prayed for injunctive relief prohibiting further interference by the defendants with the construction of the project over the appropriated lands. A rule nisi issued and on the return day defendants filed an exception of no cause or right, of action. An answer was filed by the defendants, but the record shows that it was apparently 'disregarded.
 

 After argument on the exception, the district judge, filing written reasons, maintained the exception of no cause or right of action on the ground that Bayou Cocodrie was not a navigable stream and therefore the plaintiffs were not entitled to the servitude granted under Article 665, Revised Civil Code, discharged the rule nisi, refused the injunction prayed for, and dismissed the plaintiff’s suit. The plaintiff has appealed.
 

 Section 1 of Act 287 of 1940 provides:
 

 “* * * That the Board of Commissioners for the Red River, Atchafalaya and Bayou Boeuf Levee District is hereby authorized and empowered to acquire the necessary right of way for the proposed improvement of the Bayous Rapides, Boeuf, Cocodrie and the watersheds thereof from their source in Rapides Parish to their outlet in St. Landry Parish, Louisiana, in such .places where said waterway will be outside the limits of said Levee District, particularly West of Bayou Boeuf in St. Landry Parish and through the Eastern part of Evangeline Parish; right of appropriation outside of the geographical limits of the District being absolutely necessary to the accomplishment of the above improvements sought within the District; and there is hereby conferred upon said Levee Board the right of appropriation under Section 6, Article XVI, Louisiana Constitution of 1921, in acquiring said right of way, pro
 
 *80
 
 vided that before said right of way is appropriated the exact location thereof shall be determined and made to appear by a proces verbal prepared by the Board of State Engineers of Louisiana and filed in the conveyance records in the office of the Clerk and Recorder of either St. Landry Parish or Evangeline Parish, as the situs of the property might be.”
 

 The Act on its face clearly gives the plaintiff the right to appropriate the lands involved herein.
 

 The question of the Act’s unconstitutionality was not raised on the exception and is therefore not before the court at this time. Counsel for both plaintiff and defendants argued orally and in their briefs the question concerning the navigability of Bayou Cocodrie, but since that is a matter which addresses itself to the Act’s constitutionality, it is not before us, nor shall we consider their argument at this time.
 

 Therefore, the only question remaining for consideration is whether the plaintiff has shown compliance with the provisions of the Act.
 

 It is the contention of the defendants that the plaintiff has failed to show such compliance in that the petition fails to allege that the affected landowners were given the notice which was required in the plaintiff’s resolution of appropriation. The failure of the petition to allege such notice does not destroy plaintiff’s cause of action since plaintiff is deriving its right to appropriate the land from Act 287 of 1940, and the only notice required in that Act is the recordation of the proces verbal in the conveyance office.
 

 It is also the contention of the defendants that the plaintiff has failed to show compliance with the provisions of Act 287 of 1940 in that the proces verbal setting forth the location of the appropriated land was not prepared by the proper -authority. Inasmuch as Act 2 of 1942 provides for the merger and consolidation of the Board of State Engineers into the Department of Public Works and the transfer of all of the Board’s functions to the Department of Public Works, the provision in Act 287 of 1940 relating to the determination of the location of the right of way and the preparing of the proces verbal by the Board of State Engineers has been modified in that it is the Department of Public Works which now performs that function.
 

 The petition alleges that the proces verbal which showed the exact location of the lands to be appropriated for the project was signed by the Director of Public Works and recorded in the office of the Clerk of Court of St. Landry Parish. In the proces verbal, a certified copy of which is attached to and made part of the petition, the Director of Public Works recites that he does, in compliance with the provisions of Act 287 of 1940 and Act 2 of 1942, certify that the property shown on the attached certified copies of maps which were prepared by the Corps of Engineers, U. S. Army, is necessary for the construction of the project;
 
 *81
 
 that the location of the property which is necessary and to be appropriated was determined by a survey made by the Corps of Engineers, U. S. Army; and that the exact location of the property is shown on the attached copies of maps.
 

 The question therefore is presented whether, under the intent of both Act 287 of 1940 and Act 2 of 1942, the proces verbal prepared by the Director of Public Works is valid. It is contended by the defendants that the proces verbal is invalid because the Director of Public Works is not authorized to prepare the proces verbal alone, and there is nothing to show that it was ever adopted at a meeting of the Board of Public Works or that the survey' and maps made by the U. S. Army Engineers were ever approved by the Board.
 

 Act 2 of 1942, which creates the Department of Public. Works, consisting of the office of the Director of Public Works, the Board of Public Works, and other divisions to be established in accordance with the Act, provides that the Director shall be head of the Department and shall exercise all functions of the Department except those which are specifically assigned to the Board. Sec. 8(b). And in Section 9, which sets forth the functions of the Board, it is provided that the Board shall not have the power to direct the action of the head of the Department in any case except as expressly provided in the Act. Therefore, the Director has the authority to act for the Department in the exercise of all of its functions with the exception only of any function expressly given to the Board in the Act. The functions assigned to the Board are of an advisory and policy-making nature, concerning chiefly administrative rules governing the conduct of the affairs of the Department. Nowhere does the Act give the Board any function which would include the preparation of a proces verbal, as contemplated in Act 287 of 1940. The Court is therefore of the opinion that the Director of Public Works, exercising a function of the Department of Public Works, was authorized to prepare the proces verbal without the approval of the Board of Public Works.
 

 Having decided that under the provisions of Act 287 of 1940, the plaintiff had the authority to appropriate the lands in question, that the allegations of the petition set forth the plaintiff’s compliance with the requirements of the Act, and that the question of unconstitutionality of the Act is not before the Court at this time, it is our conclusion that the plaintiff has set forth a right and cause of action.
 

 For the reasons assigned, the judgment appealed from is set aside, the exception of no cause or right of action is overruled, and the case is remanded to the district court for further proceedings in accordance with law and consistent with the views herein expressed; all costs in this court to be borne by appellees-defendants; all other costs are to await the final determination of this litigation.