646 So.2d 859 (1994)
Robert VALLO
v.
GAYLE OIL COMPANY, INC., Thomas J. Fontenot, Individually and d/b/a Harmon Oil Company, and Cigna Property and Casualty Company.
No. 94-CA-1238.
Supreme Court of Louisiana.
November 30, 1994.
*860 Charles J. Foret, Lafayette, for applicant.
Edwin B. Edwards, Lafayette, for respondent.
WILLIAMS, Justice, Pro Tem.[1]
In this worker's compensation suit, a 1988 version of LSA-R.S. 23:1203(A), a provision in the Worker's Compensation Act which directed that all medical "services and treatment shall be performed at facilities within the state [of Louisiana] when available," was held unconstitutional by the trial court. The statute's application to the suit became an issue in the months immediately preceding trial when plaintiff underwent surgery at Baylor Medical Center Hospital in Dallas, Texas. Plaintiff first assailed the constitutionality of LSA-R.S. 23:1203(A) in his pre-trial memorandum declaring that, if the statute was applicable, it was unconstitutional because it violated the Commerce Clause of the United States Constitution, Art. I, § 8, cl. 3. The constitutionality of the statute was not defended by defendants in their pre-trial memorandum, the attorney general was not alerted by plaintiff that the constitutionality of LSA-R.S. 23:1203(A) was under attack, and the parties did not contest the constitutionality of the statute in open court. At the conclusion of trial, the court awarded plaintiff the medical expenses incurred in the state of Texas. A few weeks later, the trial court declared the statute unconstitutional in a minute entry without written reasons.
Following the declaration of unconstitutionality by the trial court, the case was sent to this court on direct appeal. LSA-Const. *861 Art. V, § 5(D); Vallo v. Gayle Oil Co., Inc., 93-1570 (La.App. 3d Cir. 4/5/94). Notice of the filing of this case and of its having a constitutional question, was sent by this court to the attorney general. However, the attorney general did not file briefs or participate in oral argument. Finding that the claim of unconstitutionality of the statute was not specially pleaded in an appropriate pleading, the attorney general was not served a copy of the pleading and the record does not contain a transcript of a contradictory hearing, this case is not in a proper posture to review the trial court's ruling of unconstitutionality. Therefore, we vacate the minute entry which adjudged the statute unconstitutional and remand for further proceedings consistent with this opinion.

I.
Plaintiff, Robert Vallo, was injured in December of 1988 when, during the course and scope of his employment with defendants Gayle Oil Company and Thomas J. Fontenot d/b/a Harmon Oil Company and Gayle Oil Company, he was pinned against a steel tank when the emergency brake on a truck failed. Vallo sustained injuries to his chest, neck and shoulders. He was diagnosed as having bulging discs, and he underwent a cervical fusion and three discographies. Despite his treatments and surgeries, Vallo continued to have complaints of pain in his neck, shoulders and arms, numbness in his right arm and hand, chest pain and severe headaches.
In 1992, Vallo was referred to Dr. David Kline, a neurosurgeon in New Orleans, who diagnosed him as having a mild thoracic outlet syndrome. Dr. Kline recommended conservative treatment of cervical traction. The traction provided Vallo only temporary relief. Therefore, he decided to take the advice of a friend who had suggested he go to his own thoracic surgeon, Dr. Harold Urschel in Dallas, Texas. Even though he was still under the care of Dr. Kline, on April 12, 1993, Vallo consulted Dr. Urschel. Thereafter, on May 11, 1993, the date of his second visit to Dr. Urschel, Vallo was admitted to Baylor Medical Center Hospital to correct his thoracic outlet syndrome. The surgery was successful. Dr. Urschel attested that as a result of the operation, Vallo would have no functional limitations.
This worker's compensation suit was filed against Vallo's employer and its insurer in 1989 for their alleged arbitrary and capricious failure to pay compensation and medical expenses upon proper proof of the claims. Trial was scheduled for June 2, 1993. However, in order to facilitate his thoracic outlet surgery scheduled for May, 1993, trial was continued at Vallo's request. Upon learning of the forthcoming surgery, it is alleged that defendants candidly informed Vallo they did not intend to pay his medical expenses incurred in the state of Texas based upon LSA-R.S. 23:1203(A) which directs that all medical "services and treatment shall be performed at facilities within the state [of Louisiana] when available."
Trial was rescheduled for July 27, 1993. Vallo's pre-trial memorandum, filed into the record on July 26, 1993, asserted that Dr. Urschel is one of the world's foremost leaders in thoracic outlet surgery, and that he was the physician of Vallo's choice. Vallo argued that, since the Worker's Compensation Act is written for the benefit of the employees, the exceptions and/or prohibitions to coverage in LSA-R.S. 23:1203 should be narrowly construed. Thus, he contended the statute should be found inapplicable to his claim. Alternatively, he claimed the statute should be held unconstitutional as applied to his case because it interfered with the Commerce Clause of the United States Constitution, Art. 1, § 8, cl. 3. Vallo did not serve a copy of the memorandum on the attorney general or otherwise provide that office with notice that the constitutionality of the statute was being assailed. Further, defendants' pre-trial memorandum, filed into the record on the date of trial, did not address the constitutionality of LSA-R.S. 23:1203(A) or defend it.
The constitutionality of the statute was clearly not the central focus of any hearing or of the trial on the merits. The record does not contain any arguments on the topic. At the close of trial, the court ruled from the *862 bench in favor of Vallo[2], concluding that all medical expenses incurred in the states of Texas and Louisiana were to be paid by defendants. It did not provide any oral reasons for the judgment. The court signed its written judgment on August 23, 1993, without providing written reasons. However, in a minute entry dated August 11, 1993, the trial court indicated it had ordered defendants to pay for the Texas medical expenses because LSA-R.S. 23:1203 is unconstitutional. The minute entry provides as follows:
On July 27, 1993 the trial was held in the captioned matter. Following the trial this court ordered defendants pay all medical expenses incurred in the State of Texas. This court recognizes the prohibition in the Compensation Act against utilizing out of state facilities. However, this court found § 1203 of the Compensation Act to be unconstitutional and therefore ordered defendants to pay for these services.
Both Vallo and defendants appealed to the Third Circuit Court of Appeal. Thereafter, the appellate court transferred the appeals to this court for consideration under our appellate jurisdiction, citing LSA-Const. Art. V, § 5(D) and (F)[3] and Church Point Wholesale Beverage Co., Inc. v. Tarver, 614 So.2d 697 (La.1993). In compliance with LSA-R.S. 13:4448,[4] this court provided notice to the attorney general by certified mail of the filing of this case and of its having a constitutional question. The attorney general did not file briefs or appear at oral argument to represent the interests of the state in this matter. See LSA-R.S. 49:257(B).[5]

II.
The version of LSA-R.S. 23:1203(A) in effect at that time of Vallo's accident in 1988 provided as follows:
§ 1203. Duty to furnish medical; expenses; prosthetic devices; other expense
A. In every case coming under this Chapter, the employer shall furnish all necessary medical, surgical, and hospital service, and medicines, or any nonmedical treatment recognized by the laws of this state as legal, and shall utilize such state, federal, public and private facilities as will provide the injured employee with such necessary services. All such services and treatment shall be performed at facilities within the state when available. (emphasis added)
Citing Lemire v. New Orleans Public Service, Inc., 458 So.2d 1308 (La.1984), defendants *863 assert that the constitutionality of this statute cannot be considered because the unconstitutionality of the statute was not specifically pled and the attorney general was not served or made a party.
In Lemire, this court granted writ of certiorari to specifically review the conflicting decisions of the trial court and court of appeal regarding whether, under LSA-C.C.P. art. 1812, the trial court could submit to the jury special written interrogatories as to the fault of a public agency, whether the fault was a legal cause of the damages and, if so, the degree of fault of the public agency expressed in a percentage. Nonetheless, in his pre-argument brief, plaintiff argued for the first time the unconstitutionality of a statute barring jury trials against governmental subdivisions. This court declined to consider the argument, explaining that 1) the constitutionality of a statute must first be questioned in the trial court, not the court of appeal; 2) the plea of unconstitutionality must be specifically pleaded to be considered by the trial court; and 3) the "[a]ttorney [g]eneral must be served and is an indispensable party," citing LSA-C.C.P. art. 1880.[6] 458 So.2d at 1311. Finding the attorney general was not served or made a party to the suit, this court declined to consider the constitutionality of the statute. Id.
Generally, when this court exercises its discretion to grant an application for writ of certiorari, the decision is based upon one of the considerations described in Supreme Court Rules, Rule X, § 1. Writ is ordinarily granted for a singular, specific purpose. As a consequence, last-minute afterthought assertions made in a party's brief, attacking the constitutionality of a statute, law, or ordinance, are viewed by this court with disfavor. State ex rel. McAvoy v. Louisiana State Bd. of Medical Examiners, 238 La. 502, 115 So.2d 833, 836 (1959); Marchese v. New Orleans Police Dept., 226 La. 982, 77 So.2d 742, 744 (1955); Board of Com'rs of Red River, Atchafalaya and Bayou Boeuf Levee Dist. v. Trouille, 212 La. 152, 31 So.2d 700, 702 (1947); Britt v. Caldwell Norton Lumber Co., 129 La. 243, 55 So. 778 (1911). Cf. Krauss Co. v. Develle, 236 La. 1072, 110 So.2d 104, 105-106 (1959). This is a corollary approach to the general rule that issues not submitted to the trial court for decision will generally not be considered by the appellate court on appeal. Roadrunner Motor Rebuilders, Inc. v. Ryan, 603 So.2d 214, 219-220 (La.App. 1st Cir.1992); Poirier v. Nat'l Union Fire Ins. Co., 517 So.2d 225, 226 (La.App. 1st Cir. 1987); Haltom v. State Farm Mut. Auto. Ins. Co., 588 So.2d 792, 794 (La.App. 2d Cir.1991). Accordingly, this court has cited Lemire as authority when not confronting claims of unconstitutionality where the claim is not the basis for this court granting writ and the issue was not specifically pled in the trial court. See Hillman v. Akins, 93-0631, (La. 1/14/94); 631 So.2d 1, 5 [the only mention of the statute's unconstitutionality was in plaintiff's memoranda in opposition to defendant's exception of prescription and supplemental briefs to the court of appeal]; Taylor v. Giddens, 618 So.2d 834, 843 (La.1993). Cf. Thompson v. Capital Steel Co., 621 So.2d 1101, 1108 (La.App. 1st Cir.1992); State v. Albritton, 610 So.2d 209, 212 (La.App. 3d Cir.1992); Howard v. Howard, 499 So.2d 222, 227-228 (La.App. 2d Cir.1986).
This court's recent decision in Chamberlain v. State through the Dept. of Transp. and Development, 624 So.2d 874, 877 (La. 1993), however, limits the language of Lemire. In Chamberlain, both the trial court and the court of appeal found constitutional LSA-R.S. 13:5106(B)(1) which imposed a $500,000 ceiling on general damages recoverable in personal injury suits against the state, its agencies, or its subdivisions. This court granted plaintiff's writ application to *864 address the issue of the statute's constitutionality. 624 So.2d at 876. The state objected on procedural grounds, arguing that this court could not consider the constitutionality of the statutory ceiling because plaintiffs failed to join the attorney general as an indispensable party and the issue was not properly raised, i.e., two Lemire-holding type arguments. 624 So.2d at 877.
First, this court explained the language in Lemire which faulted plaintiff for not serving the attorney general and for not making him a party, was "at the least, an overstatement of the requirements set forth in LSA-C.C.P. art. 1880." Id. Thus, this court clarified:
LSA-C.C.P. art. 1880 did not contemplate that the attorney general be required to be joined as an actual party. Instead, LSA-C.C.P. art. 1880 contemplated that the attorney general be served and be given an opportunity to be heard and to participate in the case in a representative capacity. This construction of LSA-C.C.P. art. 1880 is bolstered by the post-Lemire enactment of LSA-R.S. 49:257(B),[7] which provides that the attorney general participates in cases in which a constitutional challenge is made "at his discretion" in a representative capacity. LSA-R.S. 49:257(B). See also LSA-R.S. 13:4448.[8]
Therefore, noting that the plaintiffs had given formal notice to the attorney general via certified mail before the case was lodged in the court of appeal, and that the attorney general had exercised its discretion under LSA-R.S. 49:257(B) to represent the state in the matter before both the appellate court and this court, the requirements of LSA-C.C.P. art. 1880 were deemed satisfied. 624 So.2d at 878. Second, because the issue of the constitutionality of the statute was raised and briefed in the trial court and addressed in great detail, this court determined that the issue was properly raised and appropriate for review. Id.
Chamberlain properly retracted from Lemire's overstatement that, based upon LSA-C.C.P. art. 1880, the attorney general "must be served and is an indispensable party" whenever the constitutionality of a statute is assailed. Irrespective of how the constitutionality of a statute is challenged, the attorney general is not an indispensable party. See LSA-C.C.P. art. 1880; LSA-R.S. 49:257(B). When the constitutionality of a statute, ordinance or franchise is assailed in a declaratory judgment action the attorney general must be served with a copy of the proceeding and he is entitled to be heard and/or, at his discretion, to represent or supervise the representation of the interests of the state in the proceeding. LSA-R.S. 49:257(B); LSA-C.C.P. art. 1880. In all other proceedings in which the constitutionality of a statute, ordinance or franchise is assailed, the attorney general should be served notice and/or a copy of the pleading and, at his discretion, be allowed to be heard and to represent or supervise the representation of the interests of the state in the proceeding. LSA-R.S. 49:257(B); see also LSA-R.S. 13:4448.
Hence, Lemire's requirements that the constitutionality of a statute must first be questioned in the trial court and that the plea of unconstitutionality must be specifically pled to be considered by the trial court, are still intact. Its requirement that the "[a]ttorney [g]eneral must be served and is an indispensable party," however, is modified. The attorney general is not an indispensable party; but, he must be served in declaratory judgment actions which seek a declaration of unconstitutionality of a statute. In all other proceedings, the attorney general should be served a copy of the pleading which contests the constitutionality of a statute.

III.
Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts,[9] and the unconstitutionality *865 of a statute must be specially pleaded and the grounds for the claim particularized. Johnson v. Welsh, 334 So.2d 395, 396-397 (La.1976); State ex rel. McAvoy v. Louisiana State Bd. of Medical Examiners, 115 So.2d at 836 [the unconstitutionality of a statute cannot be asserted in the appellate court unless it has been pleaded and made an issue in the court of first instance]; Becker v. Allstate Ins. Co., 307 So.2d 101, 103 (La.1975); Summerell v. Phillips, 258 La. 587, 247 So.2d 542, 546 (1971); State v. de St. Romes, 26 La.Ann. 753, 754 (1874), on rehr'g; De Blanc v. De Blanc, 18 So.2d 619, 623 (La.App.Orleans, 1944).
The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852.[10] Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer.[11] It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings.

IV.
Applying the foregoing legal precepts to this case, the issue of the constitutionality of LSA-R.S. 23:1203(A) is not in the proper posture for this court's review.
First, Vallo's plea of unconstitutionality was raised in a memorandum and not in a pleading. Hence, the trial court should not have considered the issue. Next, Vallo did not serve the attorney general or notify him of the challenge to the constitutionality of the statute so that the attorney general could elect whether or not to exercise his statutory right to represent the state's interests in the proceedings prior to the declaration of unconstitutionality. See LSA-R.S. 49:257(B). Nor did Vallo afford defendants sufficient time to brief and prepare arguments defending the constitutionality of the statute. Consequently, the procedure followed by Vallo, which resulted in the statute being declared unconstitutional, unfairly prejudiced the interests of both the defendants and the state.
Finally, no hearing was held at which the constitutionality of the statute was contested. The requirement of specially pleading the unconstitutionality of a statute in pleadings implies that this notable issue will receive a contradictory hearing, wherein all parties will be afforded the opportunity to brief and argue the issue. Cf. LSA-C.C.P. arts. 929f, 963, 966, 1038, 1871f. The record of the proceeding could then be reviewed to determine whether the party attacking the statute sustained his or her burden of proof, and whether the trial court attempted to construe the statute so as to preserve its constitutionality. See Moore v. Roemer, 567 So.2d 75, 78 (La.1990); Board of Directors of the Louisiana Recovery Dist. v. All Taxpayers, Property Owners and Citizens of the State of Louisiana, 529 So.2d 384, 387-388 (La.1988).
The plea of unconstitutionality of LSA-R.S. 23:1203(A) could have been raised by Vallo prior to trial by either obtaining *866 leave of court to file a supplemental and amending petition or by filing a motion for summary judgment or a motion in limine. However, as the trial court considered the issue joined based upon the argument in Vallo's pre-trial memorandum, and then ruled upon the claim, we vacate the ruling and remand to the trial court for Vallo to specially plead the unconstitutionality of the statute and for the issue to be fully litigated. LSA-C.C.P. art. 2164 permits this court to remand a case when the interest of justice is served. See Summerell v. Phillips, 247 So.2d at 547.

DECREE
For the reasons stated, we vacate the minute entry which adjudged LSA-R.S. 23:1203(A) unconstitutional and remand to the trial court for further proceedings consistent with this opinion.
WATSON J., dissents.
DENNIS J., dissents with reasons.
CALOGERO, C.J., dissents for reasons assigned by DENNIS, J.
NOTES
[1] Judge Felicia Toney Williams, Court of Appeal, Second Circuit, participating as Associate Justice Pro Tempore, effective September 1, 1994.

Lemmon, J., not on panel. Rule IV, Part 2, § 3.
[2] The trial court concluded that Vallo was entitled to supplemental earnings benefits in the amount of $409 per month from December 10, 1991 through May 11, 1993, and to temporary, total disability benefits in the amount of $208 per week from May 11, 1993 until August 11, 1993. The trial court, however, found in favor of defendants on the issue of arbitrary and capricious failure to pay. Therefore, it denied plaintiff's demand for attorney's fees.
[3] LSA-Const. Art. V, § 5(D) and (F) provide as follows:

§ 5. Supreme Court; Jurisdiction; Rule-Making Power; Assignment of Judges
* * * * * *
(D) Appellate Jurisdiction. In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional; (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.
* * * * * *
(F) Appellate Jurisdiction; Civil Cases; Extent. Subject to the provisions in Paragraph (C), the supreme court has appellate jurisdiction over all issues involved in a civil action properly before it.
* * * * * *
[4] LSA-R.S. 13:4448 provides as follows:

§ 4448. Notice required; constitutionality of a statute at issue
Prior to adjudicating the constitutionality of a statute of the state of Louisiana, the courts of appeal and the Supreme Court of Louisiana shall notify the attorney general of the proceeding and afford him an opportunity to be heard. The notice shall be made by certified mail. No judgment shall be rendered without compliance with the provisions of this Section; provided where the attorney general was not notified of the proceeding, the court shall hold adjudication of the case pending notification of the attorney general as required herein.
[5] LSA-R.S. 49:257(B) provides:

B. Notwithstanding any other law to the contrary, the attorney general, at his discretion, shall represent or supervise the representation interests of the state in any action or proceeding in which the constitutionality of a state statute or of a resolution of the Legislature is challenged or assailed.
[6] LSA-C.C.P. art. 1880 is contained in Chapter 2, entitled "Declaratory Judgments," of Title VI, "Judgments." It provides as follows:

Art. 1880. Parties
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In a proceeding which involves the validity of a municipal ordinance or franchise, such a municipality shall be made a party, and shall be entitled to be heard. If the statute, ordinance, or franchise is alleged to be unconstitutional, the attorney general of the state shall also be served with a copy of the proceeding and be entitled to be heard.
[7] See note 5, supra.
[8] See note 4, supra.
[9] For exceptions to this general rule, see Summerell v. Phillips, 258 La. 587, 247 So.2d 542, n. 5 (1971); Brazier v. Pride of Donaldsonville Tabernacle No. 40, 180 So. 874 (La.App. 1st Cir.1938); De Blanc v. De Blanc, 18 So.2d 619, 623 (La.App.Orleans, 1944).

Further, courts generally should not raise the issue of unconstitutionality of a statute on its own motion. See Johnson v. Welsh, 334 So.2d at 396-397, n. 2; Summerell v. Phillips, 247 So.2d at 547 [LSA-C.C.P. art. 2164 has no effect upon the pleading requirements for unconstitutionality]; Vaughn v. State through the Dept. of Public Safety and Corrections, 566 So.2d 1021, 1022 (La.App. 3d Cir.1990). An exception to this rule arises when the statute at issue interferes with or curtails the plenary power vested in the courts by the state constitution. City of Baton Rouge v. Stauffer Chemical Co., 500 So.2d 397, n. 7 (La. 1987); Vaughn v. State through the Dept. of Public Safety and Corrections, 566 So.2d at 1022.
[10] According to Black's Law Dictionary, abridged (5th ed. 1983), the term "pleadings" is defined as "[t]he formal allegations by the parties of their respective claims and defenses."
[11] For example, Williams v. State through the Office of Motor Vehicles, 538 So.2d 193, 198 (La.1989) [petition for declaratory judgment]; Summerell v. Phillips, supra [writ of mandamus]; Board of Com'rs of Red River, Atchafalaya and Bayou Boeuf Levee Dist. v. Trouille, 31 So.2d at 701-702 [unconstitutionality should have been raised in a peremptory exception]; Causey v. Opelousas-St. Landry Securities Co., 192 La. 677, 188 So. 739 (1939) [a petitory action; the plea could have been raised by exception or by answer so the special defense could be specially pleaded].