J2SCHOTT, Chief Judge.
Plaintiffs have appealed from the dismissal of their petition for a writ of mandamus against the members of the Council of the City of New Orleans to compel them to call an election on a proposed amendment of the Home Rule Charter of the city to provide for a local minimum wage. Plaintiffs are among the signers of a petition filed with the Council and containing the number of signatures of registered voters required by the Home Rule Charter to initiate an election to amend the charter. The issue is whether the passage of a state law prohibiting a local government from establishing a minimum wage provided the Council with the right to refuse implementation of the election. We affirm.
Plaintiffs filed their petition on May 12, 1997. The trial court dismissed plaintiffs’ suit on June 24, 1997. In the meantime, on June 18, 1997, the state legislature adopted Act 317 of 1997 enacting R.S. 23:642 prohibiting a local government from establishing a minimum wage. In reasons for judgment, the trial court noted that this new law would not become effective until August 15, 1997, but the election sought by the plaintiffs would not take place until 1998. Consequently the court concluded that the grant of the mandamus would become moot with the new law becoming effective before the election could take place. This presupposes that the new law is constitutional, an issue which was not presented to or decided by the court.
*1367 |3In Javers v. Council of the City of New Orleans, 351 So.2d 247 (La.App. 4 Cir.1977) the trial court had granted a writ of mandamus compelling the Council to call an election on a proposed charter amendment which would establish a tenant-landlord commission with vast power over rentals and leases in the city. This court reversed the judgment of the trial court finding that the proposal was in conflict with laws found in the Civil Code, the Revised Statutes, and the Code of Civil Procedure and holding that it would be unconstitutional under various provisions of the Constitution of 1921 which was in effect at the time Javers was decided. In the course of the opinion in Javers the court said the following: “If there were any doubt that the substance of this proposal might be valid the Council could not decline to submit the matter to a referendum, but in this case no such doubt exists.” 351 So.2d at 250.
In the instant case, plaintiffs seize upon the quoted language from Javers as clear authority for a reversal of the judgment below and the issuance of the mandamus. They do so on the premise that there is no doubt that their proposal is valid because R.S. 23:642 is patently unconstitutional. We start with the basie general principle that every law passed by the legislature is presumed to be constitutional. A statute must first be questioned in the trial court, not the appellate court, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/94) 646 So.2d 859, 864, 865. In that ease the court also noted that in proceedings in which the constitutionality of a statute is assailed the attorney general should be served with a notice and, at his discretion, be allowed to be heard and to represent or supervise the representation of the interests of the state in the proceedings. In the present case the constitutionality of R.S. 23:642 was not presented to or considered by the trial court. Consequently, that issue is not properly before this court and |4the statute’s presumption of validity remains.
In effect, plaintiffs contend that this statute is so clearly unconstitutional that it has no presumption of validity, no attack need be made upon it in the trial court, and this court can simply treat it as invalid and ignore it. We are not aware of any authority for this proposition, and we believe this would be inconsistent with the principles discussed above from the Vallo case. It seems clear that these principles recognize that the state must have an opportunity to defend the validity of laws passed by the legislature. A court should not summarily decide to ignore a law without giving the state through the attorney general an opportunity to show the court why the law is valid. For example, in this instance, the state may wish to attempt to prove in the trial court that the subject proposal is an unconstitutional abridgement of the police power of the state. Plaintiffs, in this court, make a persuasive argument against this theory, but in doing so they are necessarily asking this court to do that which the Vallo case said cannot be done, namely, to consider the constitutionality of the statute for the first time in the appellate court.
Plaintiffs also contend that their petition for the election is entitled to a presumption of validity under the same principle that applies to a state law. Consequently, they argue for the invalidity of the statute in question because their proposal was already in place. However, their proposal never rose to the level of a law because the Council never adopted an ordinance in response to their proposal as required by the city charter. This is what provoked the filing of this action.
We have concluded that the trial court properly denied plaintiffs’ application for a writ of mandamus on the record before it. However, 15that portion of the judgment dismissing plaintiffs’ suit is vacated and the case is remanded to the trial court for the plaintiffs to specifically plead the unconstitutionality of R.S. 23:642 and to notify the attorney general and for the issue to be fully litigated, all in accordance with Vallo and the views expressed herein.

AFFIRMED IN PART; VACATED IN PART; REMANDED.