| JOAN BERNARD ARMSTRONG, Judge.
This is an action appealing a zoning decision by the City Council of New Orleans. The trial court dismissed the action of the plaintiffs-appellants. Because we find suit was untimely filed, so that this action is prescribed or preempted, we affirm the judgment of the trial court.
The zoning decision at issue is the City Council’s enactment of two ordinances, referred to in the briefs as “the Text Amendment” and “the Bourbon Hotel Approval”, on August 3, 2000. Twenty-five days later, on August 28, 2000, the present action challenging the enactment of those two ordinances was filed by Vieux Carre Property Owners, Residents and Associates, Inc. and French Quarter Citizens For the Preservation of Residential Quality Inc.
Section 16.9.9.5 of the New Orleans Comprehensive Zoning Ordinance (“CZO”) states, in pertinent part: ‘Within fifteen (15) calendar days of a final decision of the City Council, any person aggrieved by the decision of the City Council may appeal that decision to the Civil District Court for the Parish of Orleans.” It is undisputed that the plaintiffs-appellants did not file suit within | ^fifteen days of the City Council’s August 3, 2000 enactment of the two ordinances at issue.
*105 The plaintiffs argue that the fifteen day period to file suit did not begin to run until the two ordinances were signed as approved by the Mayor, returned by the Mayor to the Clerk of Council, and entered into the record of the Clerk of Council on August 11, 2000. We disagree. The plain text of CZO Section 16.9.9.5 requires that suit be filed within fifteen days of the final action of the City Council. Once the City Council voted to enact the two ordinances on August 3, 2000, the City Council had nothing more to do with respect to the two ordinances. Thus, the final action of the City Council took place on August 3, 2000 and the fifteen day period to file suit started on that date. The later actions of the Mayor and the Clerk, not being actions of the City Council, did not extend the commencement of the running of the fifteen day period to file suit.
The plaintiffs-appellants assert that they were not able to obtain copies of the final versions of the two ordinances until August 11, 2000 or later. However, the plaintiffs-appellants knew the nature of the two ordinances because, according to their own pleadings and memoranda filed below, they attended the August 3, 2000 City Council meeting and had followed and participated in the earlier proceedings with respect to the two ordinances. There was no reason that the plaintiffs had to have copies of the two ordinances before filing suit. In any case, the plain language of CZO Section 16.9.9.5 requires that suit be filed within fifteen days of lathe final action of the City Council, not within fifteen days of the date that copies of the ordinances become available to the public.
Lastly, the plaintiffs-appellants argue that the ordinances are unconstitutional and that prescription does not run as to a challenge to an unconstitutional ordinance. Without expressing any opinion as to the merits of that argument, we note that the alleged unconstitutionality of the statute may not be raised for the first time upon appeal, but must, instead be specifically pleaded in the district court, e.g., Vallo v. Gayle Oil Co., Inc., 94-1238 (La.1994), 646 So.2d 859, and the plaintiffs-appellants did not so plead the unconstitutionality of the ordinances in the district court.
For the foregoing reasons we affirm the judgment of the trial court.
AFFIRMED.