| ¡McMANUS, J.,
Dissents in Part.
I concur with the majority’s reversal of the summary judgment granted in favor of Academy. However, I dissent with regard to the affirmation of the summary judgment in favor of Jefferson Parish. I believe the trial court’s summary judgment in favor of Jefferson Parish should be reversed and remanded.
I first note that Ackel’s claim for damages against Jefferson Parish is based on her assertions that Jefferson Parish enacted an unconstitutional ordinance, then enforced the ordinance in an unconstitutional (discriminatory)-manner. I disagree with the trial judge’s implied finding that the immunity established in LSA-R.S. 9:2798.1 was meant to allow public entities to avoid liability for claims grounded in violations of constitutional dictates or protections. Further, since Ackel challenges the constitutionality of the ordinance in question, I also note that the finding that the ordinance is not unconstitutional should not have been made in absence of affirmative proof in the record that the Attorney General had been given notice of the claim.
In all proceedings in which the constitutionality of a statute, ordinance or franchise is assailed, the attorney general should_ be served notice and/or a copy of the pleading, and, at his discretion, be allowed to be heard and to represent or supervise the representation of the interests of the state in the proceeding. Vallo v. Gayle Oil Co., Inc., 94 1238 (La.11/30/94), 646 So.2d 859. Based on the record before us, it does not appear that the attorney general was served a copy of the pleading or notified of the action. Therefore, I disagree with the majority and believe the matter should be remanded in order to adhere to the procedures outlined in Vallo.
For the above reasons, J would reverse the summary judgment granted by the trial court in favor of the Parish of Jefferson and the Jefferson Parish Council.
. CHEHARDY, J., Dissents for reasons assigned by Judge McMANUS.