STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

GRANT S. RENO

VERSUS

SCAFCO, L.L.C., ET AL.

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 96-3317,
HONORABLE MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Jimmie C. Peters, Michael G. Sullivan, and Glenn B. Gremillion, Judges.

AFFIRMED.

David Dalia
Attorney at Law
210 Baronne Street, Suite 1800
First National Bank of
Commerce Building
New Orleans, LA 70112
(504) 525-4361
 COUNSEL FOR PLAINTIFF/APPELLANT:
     Grant S. Reno

Thomas E. Balhoff
Judith R. Atkinson
Carlton Jones, III
Roedel, Parsons, Koch, Blache,
Balhoff & McCollister
8440 Jefferson Hwy., Suite 301

**Baton Rouge, LA  70809-7652**
**(225) 929-7033**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Scafco, L.L.C.**

PETERS, J.

Grant S. Reno appeals a summary judgment dismissing his suit for damages against Scafco, L.L.C. (Scafco), for injuries allegedly sustained when a large piece of wood fell from scaffolding owned by Scafco and struck Mr. Reno. For the following reasons, we affirm.

## DISCUSSION OF THE RECORD

On July 1, 1996, Mr. Reno filed suit for damages against several defendants, including Scafco, in connection with injuries he allegedly sustained on July 1, 1995. It is undisputed that Mr. Reno was employed by R & H Quality Refractory Services at that time and that in connection with his employment he was sent to a Venco, Inc. plant located in Carlyss, Louisiana, in Calcasieu Parish. Mr. Reno alleged that he sustained severe injuries when he was struck by a large piece of wood that fell thirty or forty feet from scaffolding owned by Scafco while he was working at the Venco plant. He asserted theories of negligence and strict liability against Scafco. Ultimately, all defendants except Scafco were dismissed from the suit.

On January 18, 2000, Scafco filed a motion for summary judgment seeking dismissal of Mr. Reno's suit against it on the basis that Mr. Reno had no evidence that Scafco was "legally liable" for Mr. Reno's injuries. On May 10, 2001, the trial court denied the motion. Specifically, the court cited La.R.S. 40:1672, which provides in part: "All scaffolds . . . erected by any person for use in the erection, repairing, alteration, removing, or painting of any building, bridge, viaduct, or other structure shall be constructed, placed, and operated so as to give proper and adequate protection to any person employed or engaged thereon or passing under or by it, and in such a manner as to prevent the falling of any material that may be used or deposited

thereon."[1]  The court found that the existence of genuine issues of material fact precluded summary judgment.

On October 11, 2002, Scafco again filed a motion for summary judgment on the ground that there was no evidence as to its liability for the alleged accident. The court minutes reflect that on January 10, 2003, the motion for summary judgment was taken up, at which time the court denied the motion but granted counsel "the opportunity to prepare briefs to inform the Court of their interpretation of 2315 and 2317 regarding strict liability and negligence." Additionally, the court informed the parties "that a Motion for Reconsideration can be filed if counsel feel it applies." A transcript of the hearing is not contained in the record on appeal.

Although no "formal decree" was prepared by Mr. Reno's attorney as ordered by the court at the January 10, 2003 hearing, on February 6, 2003, Scafco filed a Motion for Clarification and Reconsideration of Judgment and/or Re-urged Motion for Summary Judgment and Request for Expedited Hearing. In this motion, Scafco asserted that at the January 10, 2003 hearing, the court "granted Scafco permission to move for reconsideration of whether La. R.S. 40:1672 applies to this case as a matter of law." Scafco then urged that La.R.S. 40:1672 did not apply as a matter of law in light of La.R.S. 40:1671, which provides: "The provisions of this Part apply only in cities of more than fifteen thousand inhabitants." Scafco submitted in support of its motion the U.S. Census Bureau statistics for 2000 and 1990, which statistics show a total population of 4,049 and 3,305 respectively for Carlyss, Louisiana, where Mr. Reno was allegedly injured. Additionally, Scafco asserted that there was no genuine

---

[1]The apparent advantage to Mr. Reno in the use of La.R.S. 40:1672 was that, regardless of who caused the wood to fall from the scaffolding, Scafco still had an independent duty to prevent the falling of the wood.

2

issue of material fact as to its negligence. Thus, Scafco requested dismissal of Mr. Reno's claims based on La.R.S. 40:1672 and negligence.

On March 6, 2003, a month after Scafco filed its latest motion, Mr. Reno's attorney faxed a note to the court to the effect that he needed to attend a family funeral scheduled for the next day, which was the date of the hearing on Scafco's motion, and would waive his court appearance. He additionally faxed a copy of his memorandum in opposition to the motion. In the memorandum in opposition to the motion, Mr. Reno challenged Scafco's interposition of La.R.S. 40:1671 on the basis of lack of jurisprudential support, tardiness of its assertion, "law of the case," and public policy. Additionally, Mr. Reno asserted cursorily that "it would be a bald denial of equal protection under the laws to limit the protections to cities over 15,000, so that provision should be avoided by this Court as being unconstitutional on its face, and unsupported by any rational basis." The constitutionality of the statute was clearly not the focus of Mr. Reno's memorandum.

On March 7, 2003, the hearing was held on Scafco's motion for summary judgment, which the court described as "more of an extrapolation or a continuance of the second [motion for summary judgment], which only continues and furthers the argument with regard to the issues of strict liability, as well as continuing to establish that the plaintiff will not be able to bear his burden of proof at the trial." At this hearing, the court made an express determination that La.R.S. 40:1671 applied to defeat the use of La.R.S. 40:1672 as a basis for imposing strict liability on Scafco. While the court made a determination as to La.R.S. 40:1671's *applicability* to the case, it did not address or even mention any challenge to its *constitutionality*. Additionally, concerning Mr. Reno's negligence claim against Scafco, the court determined that "the purely circumstantial evidence presented by the plaintiff reveals

3

his inability to satisfy his evidentuary [sic] burden at trial." Thus, on March 20, 2003, the court granted Scafco's motion for summary judgment and dismissed all of Mr. Reno's claims against Scafco with prejudice.

Mr. Reno has appealed, asserting the following assignments of error:

1. La. R.S. 40:1671 violates Art. III Section 12 of the Louisiana Constitution because it is a Prohibited Local or Special Law.
2. The Louisiana Attorney General is an indispensable party when a court rules on the constitutionality of a statute and the court should immediately notice his presence.
3. The statute violates the constitutional guarantee of Equal Protection under the Law because it completely lacks any rational basis.
4. The Original Trial Court Opinion at Exhibit "A" should be treated as the "law of the case".
5. The statute in question is irrational and represents very poor public policy.

**OPINION**

Initially, we observe that Mr. Reno has not appealed the dismissal of his claims based on negligence/strict liability on the grounds that there exist genuine issues of material fact or that Scafco is not entitled to judgment as a matter of law other than to challenge to the constitutionality of La.R.S. 40:1671. Thus, we may not now review whether summary judgment was appropriate on those grounds. *See* Uniform Rules—Courts of Appeal, Rule 1-3. Further, we note that while Mr. Reno assigned as error the trial court's failure to consider the denial of Scafco's initial motion for summary judgment as being the "law of the case" and assigned as error the irrationality of La.R.S. 40:1671, he failed to brief those assignments of error other than to restate their content in a single sentence each. Accordingly, pursuant to Uniform Rules—Courts of Appeal, Rule 2-12.4, we consider those two assignments of error abandoned because they have not been briefed.

4

Rather, we have before us on review only Mr. Reno's assignments of error numbers one, two, and three, which involve constitutional issues/procedure. Basically, in these assignments of error, Mr. Reno challenges La.R.S. 40:1671 as violating La.Const. art. III, § 12, concerning prohibited local and special laws, and La.Const. art. I, § 3, concerning equal protection of the law. He also challenges the failure to include the attorney general in these proceedings as an indispensable party.

We note that "[i]rrespective of how the constitutionality of a statute is challenged, the attorney general is not an indispensable party." *Vallo v. Gayle Oil Co.*, 94-1238, p. 7 (La. 11/30/94), 646 So.2d 859, 864. Instead, the supreme court has instructed:

> When the constitutionality of a statute, ordinance or franchise is assailed in a declaratory judgment action the attorney general must be served with a copy of the proceeding and he is entitled to be heard and/or, at his discretion, to represent or supervise the representation of the interests of the state in the proceeding. LSA-R.S. 49:257(B); LSA-C.C.P. art. 1880. In all other proceedings in which the constitutionality of a statute, ordinance or franchise is assailed, the attorney general *should* be served notice and/or a copy of the pleading and, at his discretion, be allowed to be heard and to represent or supervise the representation of the interests of the state in the proceeding. LSA-R.S. 49:257(B); see also LSA-R.S. 13:4448.

*Id.*

Additionally, the court in *Vallo* went on to explain:

> Our Code of Civil Procedure does not require a single procedure or type of proceeding for challenging or assailing the constitutionality of a statute. However, the long-standing jurisprudential rule of law is: a statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized.
> The pleadings allowed in civil actions are petitions, exceptions, written motions and answers. LSA-C.C.P. art. 852. Therefore, when the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. *It cannot be raised in a memorandum, opposition or brief as those documents do not constitute pleadings*.

5

*Id.* at 864-65 (citations omitted) (footnotes omitted) (emphasis added).

As set forth above, Mr. Reno did not attack the constitutionality of La.R.S. 40:1671 prior to this appeal other than to make a cursory, single-sentence assertion in his opposition memorandum that it effected a denial of equal protection, and it is clear that the trial court did not even consider the issue of the statute's constitutionality. Further, Mr. Reno did not alert the attorney general at that time that the constitutionality of La.R.S. 40:1671 was under attack.[2] Now, in his appellate brief, Mr. Reno mounts an extensive attack on the statute for the first time.

We might well decline to consider the constitutional issue as having been actually raised for the first time on appeal. *See* Uniform Rules—Courts of Appeal, Rule 1-3; *Vallo*. In any event, even considering that Mr. Reno actually raised the issue at the trial court level, because he raised it in an opposition memorandum and not in a pleading, the issue was not properly before the trial court in the first instance such that the court did not err in failing to address the issue. Further, Mr. Reno did not serve the attorney general or notify him of the challenge to the constitutionality of the statute at the trial court level so that the attorney general could have elected whether or not to exercise his right to represent the state's interests in the proceedings.

Accordingly, any constitutional issues regarding La.R.S. 40:1671 are not properly before us. While we have authority pursuant to La.Code Civ.P. art. 2164 to remand the case to allow Mr. Reno time to specifically and properly plead the constitutional issue, we decline to do so where Mr. Reno had a month following Scafco's motion to properly place the issue before the trial court yet failed to do so.

---

[2]Mr. Reno asserts in his reply brief to this appellate court that the attorney general has been served "with copies of these pleadings," apparently the briefs, "and should be notified of the oral argument date." Nevertheless, the attorney general was not notified at the trial court level.

Under the specific circumstances of this case, we are of the opinion that a remand will not serve the interests of justice.

## DISPOSITION

For the foregoing reasons, we affirm the judgment below and assess costs of this appeal to Grant S. Reno.

**AFFIRMED.**