JOHNSON, J.,
concurs with reasons.
hi concur with the majority in affirming defendant’s convictions and sentences, but would address defendant’s sole assignment of error, which is the constitutionality of La.C.Cr.P. art. 782. I disagree with declining to address this assignment of error on the basis the Attorney General was not served pursuant to La. C.C.P. art. 1880.
In Vallo v. Gayle Oil Co., Inc., 94-1238 (La.11/30/04), 646 So.2d 859, 864, the Louisiana Supreme Court stated that when the constitutionality of a statute is assailed in a declaratory judgment action the attorney general must be served with a copy of the proceedings; however, in all other proceedings in which the constitutionality of a statute is assailed, the attorney general should be served.
In the present case, defendant filed a motion to declare Article 782 unconstitutional as part of the criminal proceedings against him. I believe it is questionable whether defendant’s motion is a “declaratory judgment action” for purposes of Article 1880 in which service on the attorney general is required, as opposed to an “other proceeding” where the attorney general should be notified. Nonetheless, I believe any failure to notify the attorney general is harmless error since the Article was declared constitutional and, as such, the Attorney General was not prejudiced in any way. Because the error is harmless, I would address defendant’s assignment of error despite |2his failure to notify the attorney general of his challenge to the constitutionality of the Article.
In his sole assignment of error, defendant argues the trial court erred in denying his challenge to the constitutionality of Article 782(A), which allows for a non-unanimous jury verdict for offenses punishable by hard labor. He contends Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), which held that the Constitution does not forbid states from securing convictions by non-unanimous verdicts, is wrong. Defendant maintains State v. Barbour, 09-1258 (La.App. 4 Cir. 3/24/10), 35 So.2d 1142, writ denied, 10-934 (La.11/19/10), 49 So.3d 396, is before the United States Supreme Court on a writ of certiorari for reconsideration of Apodaca, and its holding may be overturned. However, after defendant filed his brief with this Court, the Supreme Court denied writs in Barbour. Barbour v. Louisiana, -U.S.-, 131 S.Ct. 1477, 179 L.Ed.2d 302 (2011). Thus, the Supreme Court declined to reconsider its holding in Apodaca.
The Louisiana Supreme Court has upheld the constitutionality of a non-unanimous 12-person jury verdict for non-capital hard labor offenses. State v. Bertrand, 08-2215 (La.3/17/09), 6 So.3d 738. An intermediate appellate court is obliged to follow the precedent established by the Louisiana Supreme Court. State v. Thomas, 10-220 (La.App. 5 Cir. 11/9/10), 54 So.3d 678, writs denied, 10-2758 (La.4/25/11), 62 So.3d 89, 10-2752 (La.5/20/11), 63 So.3d 974. Thus, the trial court did not err in denying defendant’s motion to declare Article 782 unconstitu *216 tional and instructing the jury that a non-unanimous verdict was sufficient to convict. For this reason, I would affirm defendant’s convictions and sentences.