# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                                    NEWS RELEASE #022

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Per Curiam handed down on the **22nd day of April, 2016**, are as follows:

**PER CURIAM**:

2016-CA-0587

MICHAEL MUDGE, WILLIAM H. MONIES, JR., CINDY COLE HERMANN, & RALPH HERMANN v. PLAQUEMINES PARISH COUNCIL, THROUGH BYRON MARINOVICH, KEITH HINKLEY, PERCY V. GRIFFIN, KIRK LEPINE, DR. STUART J. GUEY, JR., ANTHONY BURAS, BURGHART TURNER, JEFF EDGECOMBE, AND MARLA COOPER (Parish of Plaquemines)

Accordingly, the judgment of the district court is vacated. The case is remanded to the district court for further proceedings.

SUPREME COURT OF LOUISIANA

NO. 2016-CA-0587

MICHAEL MUDGE, ET AL.

VERSUS

PLAQUEMINES PARISH COUNCIL, ET AL.

PER CURIAM

Intervenor, NOLA Oil Company, Inc., invokes the appellate jurisdiction of this court pursuant to La. Const. art. V, § 5(D), on the ground that the district court declared Plaquemines Parish Zoning Ordinance Section VI(M)(1)(b) unconstitutionally vague.

Pretermitting the merits, we find the district court's judgment is procedurally defective. In particular, the record reveals the attorney general was not served with the pleading challenging the constitutionality of the ordinance as required by La. Code Civ. P. art. 1880. In *Vallo v. Gayle Oil Co.*, 94-1238 at p. 7 (La. 11/30/94), 646 So. 2d 859, 864, this court explained, "[t]he attorney general is not an indispensable party; but, he must be served in declaratory judgment actions which seek a declaration of unconstitutionality of a statute." The purpose of the service requirement in La. Code. Civ. P. art. 1880 is to ensure that the attorney general is "afforded the necessary opportunity to be heard as the codal article requires." *Burmaster v. Plaquemines Parish Gov't*, 07-2432, p. 5, fn. 6 (La. 5/21/08), 982 So. 2d 795, 801.

Accordingly, the judgment of the district court is vacated. The case is remanded to the district court for further proceedings.