# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KA 1410

STATE OF LOUISIANA

VERSUS

DEMARIO G. WARREN

*DATE OF JUDGMENT:*    **JUL 2 4 2020**

ON APPEAL FROM THE TWENTY-SECOND JUDICIAL DISTRICT COURT
NUMBER 16 CR6 132566, DIVISION E, PARISH OF WASHINGTON
STATE OF LOUISIANA

HONORABLE WILLIAM H. BURRIS, JUDGE

\* \* \* \* \* \*

Warren LeDoux Montgomery
District Attorney
Matthew Caplan
Jason Cuccia
J. Bryant Clark, Jr.
Assistant District Attorneys
Covington, Louisiana

Counsel for Appellee
State of Louisiana

Katherine M. Franks
Madisonville, Louisiana

Counsel for Defendant-Appellant
Demario G. Warren

Russell Scott Stegeman
Covington, Louisiana

Gwendolyn Brown
Baton Rouge, Louisiana

\* \* \* \* \* \*

BEFORE: McDONALD, THERIOT, AND CHUTZ, JJ.

Disposition: **CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE ON COUNT ONE VACATED; CONVICTIONS AND SENTENCES ON COUNTS TWO AND THREE AFFIRMED; REMANDED ON COUNT ONE.**

**CHUTZ, J.**

The defendant, Demario G. Warren, was charged by grand jury indictment with one count of second-degree murder (count I), a violation of La. R.S. 14:30.1; and two counts of aggravated assault with a firearm (counts II & III), violations of La. R.S. 14:37.4. He pled not guilty on all counts. (Following a jury trial, on count I, he was found guilty of the responsive (lesser and included) offense of manslaughter, a violation of La. R.S. 14:31; and on counts II and III, he was found guilty as charged. Thereafter, in regard to count I, the State filed a habitual offender bill of information against the defendant, alleging he was a fourth-felony habitual offender.[1] The defendant acknowledged he was convicted on the predicates. The trial court accepted the acknowledgment as a stipulation and, on count I, sentenced the defendant to be imprisoned for the remainder of his natural life without benefit of parole, probation, or suspension of sentence.[2] On count II, the trial court sentenced the defendant to serve ten years at hard labor, with the

---

[1] The habitual offender bill set forth three predicate offenses, but prayed for enhancement under La. R.S. 15:529.1(A)(3)(b) (third-felony habitual offender) (prior to amendment by 2017 La. Acts No. 282, § 1 & 2017 La. Acts No. 257 § 1) rather than La. R.S. 15:529.1(A)(4)(b) (fourth-felony habitual offender) (prior to amendment by 2017 La. Acts No. 282, § 1 & 2017 La. Acts No. 257 § 1). Use of each of the prior convictions for enhancement of sentence was not prohibited by La. R.S. 15:529.1(B). In State v. Johnson, 2003–2993 (La. 10/19/04), 884 So.2d 568, 579, the Louisiana Supreme Court overruled its earlier decision in State ex rel. Mims v. Butler, 601 So.2d 649, 650 (La. 1992) (on rehearing), which had found Act 688 of 1982, amending the Habitual Offender Law, did not eliminate a sequential requirement for enhanced penalties in the sentencing of multiple offenders. Thereafter, the legislature enacted 2005 La. Acts No. 218, § 1, amending La. R.S. 15:529.1(B), to provide that "[m]ultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of this Section." There is no indication, however, that the error in citation misled the defendant to his prejudice. See La. Code Crim. P. arts. 464 & 921. Under the circumstances here, La. R.S. 15:529.1(A)(3)(b) and La. R.S. 15:529.1(A)(4)(b) provided for identical penalties.

Predicate #1 was set forth as the defendant's November 30, 2004 conviction, under Twenty-second Judicial District Court Docket #03-CR8-88681, for unauthorized use of a motor vehicle. Predicate #2 was set forth as the defendant's November 30, 2004 conviction, under Twenty-second Judicial District Court Docket #04-CR8-89787, for purse snatching. Predicate #3 was set forth as the defendant's November 30, 2014 conviction, under Twenty-second Judicial District Court Docket #04-CR8-89788, for armed robbery. The pre-sentence investigation report indicated that the defendant actually pled guilty to predicate #3 on November 30, 2004.

[2] Sentences imposed under the habitual offender law are at hard labor. See La. R.S. 15:529.1(G).

sentence to run concurrently with the sentence imposed on count I. On count III, the trial court sentenced the defendant to serve ten years at hard labor, with the sentence to run concurrently with the sentences imposed on counts I and II. The defendant now appeals contending: (1) the verdicts "are presumptively non-unanimous and, as such, should not be permitted to stand[;]" and (2) the trial court erred by adjudicating the defendant a habitual offender without either a hearing or a formal and valid waiver of his right to a hearing. For the following reasons, we vacate the conviction, habitual offender adjudication, and sentence on count I; affirm the convictions and sentences on counts II and III; and remand to the district court.

## CONSTITUTIONALITY OF NONUNANIMOUS VERDICT

In assignment of error number 1, the defendant argues polling was requested following the verdicts, but the results of that polling were not included in the record. He contends the verdicts thus must be presumed to be nonunanimous. He concedes that even nonunanimous verdicts are "in conformity with the state of the law at the time that these offenses were committed," but relies on the recent amendments to La. Code Crim. P. art. 782 and La. Const. art. I, § 17 to argue for retroactive application of the amendments. He also argues that if these amendments are not applied retroactively, the statute and constitutional provision violate the Sixth and Fourteenth Amendments to the United States Constitution. He concedes that no contemporaneous objection was lodged to the verdicts, but argues this court can notice "the error" as patent error[3] or "plain error" under **State v. Williamson**, 389 So.2d 1328 (La. 1980).

A written jury poll was conducted in this matter, and the polling results were

---

[3]The scope of appellate review extends to: (1) an error designated in the assignment of errors; and (2) an error that is discoverable by a mere inspection of the proceedings and without inspection of the evidence (patent error). La. Code Crim. P. art. 920. The first category of errors must be preserved by contemporaneous objection. See La. Code Crim. P. art. 841(A).

sealed. See La. Code Crim. P. art. 812. This court ordered supplementation of the record with the polling slips. See La. Code Crim. P. art. 17; Uniform Rules of Louisiana Courts of Appeal, Rule 2-1.7. The jury voted 10-to-2 for the verdict on count I and unanimously for the verdicts on counts II and III.

In the recent decision of **Ramos v. Louisiana,** __ U.S. __, 140 S.Ct. 1390, 1397, ___ L.Ed.2d __ (2020), the United States Supreme Court overruled **Apodaca v. Oregon,** 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), holding that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by nonunanimous verdicts whose cases are still pending on direct appeal. See **Ramos,** 140 S.Ct. at 1406-07. See also **Schriro v. Summerlin,** 542 U.S. 348, 351, 124 S.Ct. 2519, 2522, 159 L.Ed.2d 442 (2004) (observing that "[w]hen a decision of [the United States Supreme] Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review"); **State v. Myles,** 2019-0965 (La. App. 4th Cir. 4/29/20), 2020 WL 2069885.[4]

---

[4] In **Crehan v. Louisiana,** ___ U.S. ___, ___ S.Ct. ___, ___ L.Ed.2d ___ (2020), 2020 WL 1978930, Justice Alito concurred in the judgment remanding the case to this court, with the understanding that in such cases in which the United States Supreme Court grants, vacates, and remands in light of **Ramos,** "the [United States Supreme] Court is not deciding or expressing a view on whether the question was properly raised below but is instead leaving that question to be decided on remand." In **Crehan,** this court noted the defendant made "a pro forma challenge to the constitutionality of his non-unanimous guilty verdict." **State v. Crehan,** 2018-0746 (La. App. 1st Cir. 11/5/18), 2018 WL 5785479 at *9, writ denied, 2018-2024 (La. 4/15/19), 267 So.3d 1124. We are aware that a constitutional challenge may not be considered by an appellate court unless it was properly pleaded and raised in the trial court below. **Vallo v. Gayle Oil Company, Inc.,** 94-1238 (La. 11/30/94), 646 So.2d 859, 864-65. Further, while there is no single procedure for attacking the constitutionality of a statute, it has long been held that the unconstitutionality of a statute must be specially pleaded and the grounds for the claim particularized. First, a party must raise the unconstitutionality in the trial court; second, the unconstitutionality of a statute must be specially pleaded; and third, the grounds outlining the basis of unconstitutionality must be particularized. **State v. Hatton,** 2007-2377 (La. 7/1/08), 985 So.2d 709, 719.

4

Accordingly, assignment of error number one has merit. The conviction, habitual offender adjudication, and sentence on count I are vacated, and this case is remanded to the district court with respect to that count. The verdicts on counts II and III are in compliance with **Ramos** and, other than challenging the convictions on counts II and III as being unconstitutional for presumptive lack of unanimous verdicts, the defendant does not contest those convictions, or the sentences imposed thereunder. Thus, the convictions and sentences on counts II and III are affirmed. Our disposition of assignment of error number one renders assignment of error number two moot.

**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND SENTENCE ON COUNT I VACATED; CONVICTIONS AND SENTENCES ON COUNTS II AND III AFFIRMED; REMANDED ON COUNT I.**

---

In the instant case, the defendant failed to follow the proper procedure for preserving his challenge to the nonunanimous verdict in this matter. However, "[w]hile the general rule is that a litigant cannot raise the unconstitutionality of a statute or ordinance unless its unconstitutionality is specially pleaded and the grounds particularized, several exceptions to this rule have been recognized, including ... where the statute has been declared unconstitutional in another case." **Spooner v. East Baton Rouge Parish Sheriff Department**, 2001-2663 (La. App 1st Cir. 11/8/02), 835 So.2d 709, 711; see also **State v. Smith**, 2009-100 (La. App. 5th Cir. 8/25/09), 20 So.3d 501, 506, writ denied, 2009-2102 (La. 4/5/10), 31 So.3d 357. Accordingly, in light of the holding of **Ramos**, this claim is properly before this court.