McClendon, j.
|2In this defamation suit, the plaintiff appeals the judgment of the trial court, dismissing her suit with prejudice pursuant to a' special motion to strike. For the reasons that follow, we affirm.
FACTUAL AND PROCEDURAL HISTORY
As background, this dispute arose out of litigation in Pointe Coupee Parish between clients of the defendant, Neal R. Elliott, Jr., a Baton Rouge attorney, and Herbert R. Witty, the father of the plaintiff, Dana Witty Gibbs. Mr. Elliott represented several legatees in an action against Mr. Witty in the 18th Judicial District, Court for his actions as executor of the succession of Nita Marie LeBeau. The trial court ultimately found Mr. Witty liable for breach of fiduciary duty and a judgment awarding the legatees $310,848.97 was rendered on May 15, 2009.[1] That judgment was affirmed by this court and is now final.[2]
On June 5, 2009, less than a month after the money judgment against him, Mr. Witty established a trust with his daughter, Ms. Gibbs, a resident of Michigan. Ms. Gibbs, as trustee, had broad authority under the Michigan trust agreement, including the ability to move assets in and out of the trust at her discretion. While the appeal of the judgment was pending, Mr. Witty transferred his only Louisiana asset, a $100,000.00 legacy from the succession, of his cousin, Murray LeBeau, into the trust.
Also, ón June 5,-2009, a death tragically occuived on Ms. Gibbs’ property in Michigan during her son’s graduation party at their home. As a result, Ms. Gibbs was criminally charged with' tampering with evidence and'was also civilly sued for wrongful death in Michigan. Mr. Elliott learned of these actions and contacted the Michigan attorney suing Ms. Gibbs in the wrongful death suit.' Mr. Elliott sent' the Michigan attorney a copy of the trust and an affidavit stating in |spart that the trust agreement between Mr. Witty and Ms. Gibbs was “prima facie proof of their collective effort to transfer assets for purposes' of evading judgment creditors” and exhibited the propensity 'of both individuals to use the trust “as a vehicle to defraud their judgment creditors by sheltering various assets in said [tjrust.”[3] Additionally, *670 Mr. Elliott, on behalf of his clients, filed a motion in the succession of Murray Le-Beau matter to attach Mr. Witty’s legacy and prevent-him from transferring it into the trust.[4] In the motion, Mr. Elliott stated that Ms. Gibbs’ participation in the trust agreement “indicates a propensity to attempt to place property beyond the reach of creditors.” He stated that this propensity was also indicated by her alleged conduct in the Michigan criminal and civil trials.
Thereafter, on April 3, 2012, Ms. Gibbs filed a petition for damages against Mr. Elliott in the 19th Judicial District Court, which is the .matter before us. In her petition, Ms. Gibbs alleged that Mr. Elliott defamed her by making false | ¿allegations against her in the affidavit and in the motion for attachment filed in the. Murray LeBeau succession matter in Pointe Cou-pee Parish. Ms. Gibbs alleged that she suffered damages because of the false accusations by Mr. Elliott that were purely accusatory and.without basis in law or facts. Ms. Gibbs further asserted that the accusations caused her mental pain and anguish and that the actions of Mr. Elliott created fear and anxiety, that she would lose her employment as a financial advisor for Wells Fargo. ■
In response to the defamation petition; Mr. Elliott filed a Motion to Strike, for Summary Judgment,' and for Sanctions. Following a hearing on September 10, 2012, in oral reasons, the trial court granted the motion to strike and the motion for summary judgment. However, the trial court denied the motion for sanctions, but awarded attorney fees in the amount of $8,463.04 in connection with the motion to strike. Judgment was signed on September 25, 2012, in accordance with the trial court’s ruling, and Ms. Gibbs filed a sus-pensive appeal.
DISCUSSION
In her sole assignment of error, Ms. Gibbs asserts that the trial court erred in sustaining the special motion to strike under .LSA-7C.C.P. art. 971, because the issues involved in this matter do not arise out of any matter of public significance. Particularly, she contends that this case does not involve a public issue, but rather a private one, emanating from Mr. Elliott’s allegation that she. committed fraud with regard to her father’s trust.
*671 Louisiana Code of Civil Procedure article 971 provides, in pertinent part:
A. (1) A cause of action against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue shall be subject to a special motion, to strike, unless the court determines that the plaintiff has established a probability of success on the claim.
(2) In making its determination,, the court shall consider the pleadings and supporting and opposing affidavits stating the facts upon which the liability or defense is based.[5]
(3)If the court determines that the plaintiff has established a probability of success on the claim that determination shall be admissible in evidence at any later stage of the proceeding....
|bF. As used in this Article, the following terms shall have the meanings ascribed to them below, unless the context clearly indicates otherwise:
(1) “Act in furtherance of a person’s right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue” includes but is not limited to:
(a) Any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law. ■
(b) Any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official body authorized by law....
(d) Any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest. -
' Article 971 was enacted by 1999 La. Acts, No. 734, § 1. Section 2 of the Act provides:
The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. The legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, it is the intention of the legislature that the Article enacted pursuant to this Act shall be construed broadly.
Hence, Article 971 was enacted by the legislature as a procedural device to be used in the early stages of litigation to screen out meritless claims brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances. Thinkstream, Inc. v. Rubin, 06-1595 (La. App. 1 Cir. 9/26/07), 971 So.2d 1092, 1100, writ denied, 07-2113 (La.1/7/08), 973 So.2d 730, Under the shifting burdens of proof established by the article, the mover must first establish that the cause, of action against him arises from an act by him in the exercise of his right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue. If the mover satisfies this initial burden of proof, the burden then shifts to the plaintiff to demonstrate a probability of success on the claim. Id. ‘
*672 IfiThe granting of a special motion to strike presents a question of law. Appellate review of questions of law- is simply a review of whether the trial court was legally correct or legally incorrect. Starr v. Boudreaux, 07-0652 (La.App. 1 Cir. 12/21/07), 978 So.2d 384, 388. On legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Lamz v. Wells, 05-1497 (La.App. 1 Cir. 6/9/06), 938 So.2d 792, 795.
. In the present case, Ms. Gibbs argues that Article 971 should not apply, because Mr. Elliott’s statements were not related to a matter of public interest. However, her argument ignores the plain language of Article 971F, which provides that an act “in connection with a public issue” includes “[a]ny written ... statement or writing made before a ... judicial proceeding” or “made in connection with an issue under consideration or review by a ... judicial body.” LSÁ-C.C.P. art. 971F(l)(a) and (b). The motion filed in the 18th Judicial District Court was undoubtedly either made before a judicial proceeding or made in connection with an issue under consideration or review by a judicial body. Additionally, with regard to the affidavit forwarded to the Michigan attorney, while the affidavit was ultimately not admitted into evidence, it is undisputed that it was offered into evidence in both the civil and criminal proceedings. Considering the broad construction to be given to Article 971, we find the affidavit was made in connection with ah issue for consideration or review by a judicial body. Accordingly, we find no error in the trial court’s determination that these statements fall under the categories of acts in furtherance of a person’s right of free speech as described in Article 971F(l)(a) and (b).
Once Mr. Elliott met his initial burden of proof, the burden shifted to Ms. Gibbs to demonstrate a probability of success on her defamation claim. See Thinkstream, Inc., 971 So.2d at 1100; The trial court concluded that Ms. |7Gibbs made no showing that there was any-probability of success with regard to her’claim.
In order to prove defamation, a plaintiff must establish five elements: (1) defamatory words; (2) unprivileged publication; (3) falsity; (4) actual or implied malice; and (5) resulting injury. If any one of the required elements is lacking, the cause of action fails. Id. at 1101. Malice, for the purposes of the tort of defamation, requires a lack of reasonable belief in the truth of the allegedly defamatory statement. Id. Only when a court finds that a statement has been made without reasonable grounds for believing it to be true can the person .making the statement be found to be motivated by malice or ill will. Id. at 1102.
After thoroughly reviewing the record, we find no evidence to suggest that Mr. Elliott acted with malice in filing the motion in Pointe Coupee Parish or in making the affidavit.’ Mr. Elliott established that his statements contained therein were based on publicly available sources. He explained that he learned about the wrongful death suit and the criminal charge from Michigan news stories. He also knew that the trust agreement was confected less than, three weeks after the trial court in Point Coupee Parish signed the money judgment against Mr. Witty. Given Mr. Witty’s failure to pay his judgment creditors, his attempt to place his only Louisiana asset in the Michigan trust, the relative timing of the trust agreement to the date of the judgment, Ms. Gibbs’ extensive authority under the-trust agreement, her *673 financial sophistication evidenced by her job as a financial adviser, her potential civil liability- in Michigan, and her charge of evidence tampering, it was reasonable for Mr. Elliott to believe that Ms. Gibbs’ participation in the trust agreement demonstrated a propensity to move assets beyond the reach of judgment creditors’ as asserted in the allegedly defamatory statements. Mr. Elliott had a reasonable basis for believing that his statements were true, and we cannot find that he was motivated by malice or ill will. As the element of malice is necessary to prevail on her cause of action, Ms. Gibbs is unable to establish a probability of success on her defamation claim. Therefore, |swe find no error in the trial court’s decision to grant the special motion to strike filed by Mr. Elliott and dismiss Ms. Gibbs’ defamation claims.
CONCLUSION
For the foregoing reasons, the September 25, 2012 judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff, Dana Witty Gibbs.
AFFIRMED.

. This was the matter entitled Succession of LeBeau Probate No 12678 consolidated with Phillips v. Witty, No 38593 in the 18th Judicial District Court for the Parish of Pointe Coupee.

. On appeal, the judgment was amended to award legal interest and, as amended, affirmed. See In re Succession of LeBeau, 09-2289 c/w 09-2290 (La.App. 1 Cir. 5/7/10)'(un-published opinion), writ denied, 10-1283 (La.9/17/10), '45 So.3d 1053.

.In his affidavit, Mr. Elliott attested, in full:
1. He obtained a'$310,848.97 money judgment, for his clients, ‘ against Herbert R. Witty on May 15, 2009. Herbert R. Witty is a resident of Fort Bend County, Texas.
2. The $310,848.97 money judgment was affirmed by the Louisiana'First Circuit Court *670 of Appeal and is now a final non-appealable judgment.
3. During the appeal process, he filed a conservatory Motion requesting that the Louisiana district court allow his clients to attach or seize a $100,000 cash legacy bequeathed to Herbert R. Witty, in a Louisiana succession (estate) proceeding, as partial satisfaction of his clients money judgment.
4. Herbert R. Witty’s response to this Motion was to file a Petition for Intervention to introduce a Michigan trust instrument into the proceedings and argue that this right to the $100,000.00 cash legacy had been transferred to said Trust. The Trust is known as the Herbert Roland Witty Trust.
5. The Michigan trust (Herbert Roland Witty Trust) was confected on June 5, 2009 by Herbert R. Witty and his daughter Dana Witty Gibbs and provides Dana Witty Gibbs with extensive powers regarding transferring assets in and out of thé Trust.
6, Dana Witty Gibbs serves as the sole trustee of the Herbert Roland Witty Trust and is also a co-successor beneficiary of said Trust.
7. The Michigan trust agreement between Herbert R. Witty and Dana Witty Gibbs is prima facie proof of their collective effort to transfer assets for purposes of evading judgment creditors and exhibits the propensity of both individuals to employ the Herbert Roland Witty Trust as a vehicle to defraud their judgment creditors by sheltering various assets in said Trust.

. This is the matter entitled Succession of LeBeau, Probate No. 41,184, in thé Í8th Judicial District Court for the Parish of Pointe Coupee.

. Although the affidavit of Mr Elliott was not admitted the record indicates that the trust agreement was admitted into evidence in the Michigan wrongful death case.