STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CW 0832

TERENCE ALOST, M.D.

VERSUS

DANNY LAWLER, DANNY LAWLER ENTERPRISES, L.L.C.,
AND WILLIS-KNIGHTON MEDICAL CENTER

*Judgment Rendered:*     ˙JUN 0 2 2021

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 665848

The Honorable Richard "Chip" Moore, Judge Presiding

* * * * * * * *

| | |
|---|---|
| T. Jordan Alost<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellant<br>Terence Alost, M.D. |
| Scott L. Sternberg<br>M. Suzanne Montero<br>Michael S. Finkelstein<br>New Orleans, Louisiana | Counsel for Defendants/Appellees<br>Danny Lawler and Danny Lawler<br>Enterprises, LLC |

* * * * * * * *

BEFORE: McDONALD, THERIOT, AND WOLFE, JJ.

**THERIOT, J.**

Terence Alost, M.D., appeals the Nineteenth Judicial District Court's December 17, 2019 judgment granting Danny Lawler and Danny Lawler Enterprises, L.L.C.'s special motion to strike and dismissing Terence Alost, M.D.'s petition against these defendants with prejudice. For the following reasons, we convert this appeal to an application for supervisory writs, which we grant. We deny Danny Lawler and Danny Lawler Enterprises, L.L.C.'s motion to dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY[1]

Terence Alost, M.D., ("Dr. Alost") filed a petition for damages against Danny Lawler, Danny Lawler Enterprises, L.L.C. (collectively, "the Lawler defendants"), and Willis-Knighton Medical Center ("Willis-Knighton") on January 30, 2018. Dr. Alost's petition, which primarily asserted defamation-based claims, was filed after the Lawler defendants published an article in the October 20-26, 2017 issue of The Inquisitor, a publication owned and operated by Mr. Lawler. The article, titled "Untold horror stories of the WK Bossier ER," was written by Mr. Lawler. In the article, Mr. Lawler alleged that his father, Joe Lawler, had received poor service from Dr. Alost in the Willis-Knighton emergency room. Mr. Lawler mentioned Dr. Alost several times in the article and wrote about other people's negative experiences in the same emergency room.

Willis-Knighton filed a dilatory exception of improper cumulation of actions and a declinatory exception of improper venue. The Lawler defendants filed a declinatory exception of improper venue, a motion for *forum non conveniens*, and a dilatory exception of improper cumulation of actions. On May 4, 2018, the trial court signed a judgment that granted Willis-Knighton's exceptions of improper cumulation of actions and improper venue, as well as the Lawler defendants'

---

[1] For a full rendition of the facts and procedural history, see the prior appeal - *Alost v. Lawler*, 2018-1271 (La. App. 1 Cir. 5/8/19); 277 So.3d 329.

2

exception of improper venue and motion for *forum non conveniens*. Following Dr. Alost's appeal of the May 4, 2018 judgment, this court affirmed the portion of the judgment granting Willis-Knighton's exception of improper venue and found Willis-Knighton's exception of improper cumulation to be moot. *Alost v. Lawler*, 2018-1271 (La. App. 1 Cir. 5/8/19); 277 So.3d 329, 334-35. As to the Lawler defendants, this court reversed the portions of the May 4, 2018 judgment that granted the Lawler defendants' exception of improper venue and motion for *forum non conveniens*. The matter was remanded to the trial court for further proceedings. *Id.* at 335-37.

On June 21, 2019, the Lawler defendants answered Dr. Alost's petition. The Lawler defendants denied that the complained of speech was defamatory and urged a special motion to strike pursuant to La. Code Civ. P. art. 971, peremptory exceptions of no cause of action and no right of action, and a dilatory exception of vagueness. On June 26, 2019, the trial court signed an order suspending discovery in this matter pending a hearing on the Lawler defendants' special motion to strike.

On September 11, 2019, Dr. Alost filed a "Motion to Strike, objections, and Motion for Specified Discovery and Subpoenas." In this motion, Dr. Alost alleged that Mr. Lawler's affidavit in support of the Lawler defendants' special motion to strike violated the Louisiana Code of Evidence. Dr. Alost asked the trial court to strike any testimony in the affidavit that violated the rules of evidence and to order the Lawler defendants to disclose the identity and address of the declarant(s) of Mr. Lawler's offered hearsay. Dr. Alost also sought the release of Joe Lawler's medical records and alleged that a hearing on the special motion to strike without such information "would be an unconstitutional application of the laws infringing upon Dr. Alost's right to due process and his access to the courts."

A hearing on the special motion to strike was held on October 7, 2019. On October 9, 2019, the trial court issued a ruling on the special motion to strike in

3

which it stated that the article written by Mr. Lawler "involved a matter of public concern" and further stated that "the court has seen no evidence to suggest that [Mr.] Lawler acted with actual malice in publishing the newspaper article at issue[.]"[2] On December 17, 2019, the trial court rendered a judgment granting the Lawler defendants' special motion to strike, dismissing with prejudice Dr. Alost's petition, and ordering Dr. Alost to pay attorney's fees in the amount of $3,000.00.

On January 3, 2020, the Lawler defendants filed a motion for limited new trial, seeking an increase in the award of attorney's fees. On January 13, 2020, Dr. Alost filed a motion for new trial. On March 6, 2020, Dr. Alost filed a motion for appeal. The trial court signed an order granting the appeal on March 12, 2020. On September 24, 2020, the Lawler defendants answered Dr. Alost's appeal, seeking an increase in the amount of attorney's fees awarded.

Also on September 24, 2020, the Lawler defendants filed with this court a motion to dismiss Dr. Alost's appeal for lack of jurisdiction, asserting that the trial court had granted the Lawler defendants' motion for limited new trial, but that Dr. Alost's motion for new trial was still pending. On November 5, 2020, this court granted the Lawler defendants' motion to dismiss appeal, finding the appeal to be premature because of the pending motion for new trial filed by Dr. Alost. Additionally, on November 18, 2020, this court amended its order dismissing Dr. Alost's appeal to also dismiss the Lawler defendants' answer to the appeal.

On December 2, 2020, Dr. Alost filed an application for rehearing with this court, asserting that his pending motion for new trial had been denied by the trial court on November 16, 2020 and seeking to have his appeal reinstated.

---

[2] It appears that there was some confusion amongst the parties regarding the October 9, 2019 ruling on the special motion to strike. On October 17, 2019, the Lawler defendants filed a motion for new trial seeking an increase in the award of attorney's fees and costs. Further, on November 12, 2019, Dr. Alost attempted to appeal the October 9, 2019 ruling. However, at a hearing on December 2, 2019, the trial court clarified that the October 9, 2019 ruling on the special motion to strike was the court's written reasons and that a judgment still needed to be submitted by the parties.

Accordingly, on December 30, 2020, this court granted Dr. Alost's application for rehearing and reinstated the appeal.

## ASSIGNMENT OF ERROR

Dr. Alost asserts one assignment of error:

(1) The trial court erred by refusing to accept testimony after ordering such, implicitly denying Alost's motion to strike, implicitly denying plaintiff's constitutional challenge to the special motion to strike in combination with medical privacy laws, and granting the defendants' special motion to strike.

## STANDARD OF REVIEW

A ruling on a special motion to strike is reviewed *de novo* on appeal to determine whether the trial court was legally correct. The appellate court gives no special weight to the trial court findings, but exercises its constitutional duty to review questions of law and renders a judgment on the record. *Breen v. Holmes*, 2016-1591 (La. App. 1 Cir. 12/7/17); 236 So.3d 632, 636, writ denied, 2018-0049 (La. 3/2/18); 269 So.3d 708.

## DISCUSSION

Appellate Jurisdiction

Appellate courts have a duty to examine subject matter jurisdiction *sua sponte*, even when the parties do not raise the issue. *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250 (La. App. 1 Cir. 12/20/18); 268 So.3d 1044, 1046. We have previously had occasion to explain that a trial court's judgment granting a defendant's special motion to strike under La. Code Civ. P art. 971 constitutes an interlocutory judgment that is reviewable in the appeal taken from the subsequent final and appealable judgment granting the defendant attorney fees as the prevailing party on the special motion to strike. *Samuel v. Remy*, 2015-0464 (La. App. 1 Cir. 8/31/16); 2016 WL 4591885 at *5 (unpublished), writ denied, 2016-1785 (La. 11/29/16); 211 So.3d 387.

Although the trial court's December 17, 2019 judgment awarded attorney's fees, the Lawler defendants filed a motion for limited new trial on the issue of attorney's fees. Further, the December 17, 2019 judgment lacks a designation under La. Code Civ. P. art. 1915(B). See Samuel, 2016 WL 4591885 at *5 (noting the general proposition that, absent a designation under La. Code Civ. P. art. 1915(B), interlocutory judgments rendered during the progression of a suit can only be appealed with the final judgment in the suit); see also Davis v. Benton, 2003-0851 (La. App. 1 Cir. 2/23/04); 874 So.2d 185, 188 n.1. Accordingly, the December 17, 2019 judgment is an interlocutory judgment.

The proper procedural vehicle to contest an interlocutory judgment is an application for supervisory writs. We have authority to exercise our supervisory jurisdiction and treat the appeal of this interlocutory judgment as an application for supervisory writs. See State in the Interest of J.C., 2016-0138 (La. App. 1 Cir. 6/3/16); 196 So.3d 102, 107. The decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts. Stelluto v. Stelluto, 2005-0074 (La. 6/29/05); 914 So.2d 34, 39.

An application for supervisory writs must be filed within thirty days of the notice of judgment. Tower Credit, Inc. v. Bradley, 2015-1164 (La. App. 1 Cir. 4/15/16); 194 So.3d 62, 65; see also Rule 4-3, Uniform Rules, Courts of Appeal. In this case, notice of judgment denying Dr. Alost's motion for new trial was mailed on December 3, 2020. The appeal was reinstated on December 30, 2020. Because Dr. Alost's appeal was reinstated within thirty days of the mailing of the judgment denying his motion for new trial, we exercise our discretion to convert Dr. Alost's appeal to an application for supervisory writs and consider the merits of Dr. Alost's appeal under our supervisory jurisdiction. See KAS Properties, LLC v. Louisiana Bd. of Supervisors for Louisiana State University, 2014-0566 (La. App. 1 Cir. 4/21/15); 167 So.3d 1007, 1010.

## The Lawler Defendants' Motion to Dismiss the Appeal

On January 27, 2021, the Lawler defendants filed a second motion to dismiss Dr. Alost's appeal, asserting that the record is incomplete. The Lawler defendants pointed out that the transcript of the hearing on the special motion to strike, held on October 7, 2019, was absent from the record, as well as the transcript from the hearing on the motions for new trial, held on September 14, 2020.[3]

Dr. Alost challenges the timeliness of the Lawler defendants' motion to dismiss the appeal. Louisiana Code of Civil Procedure article 2161 provides:

> An appeal shall not be dismissed because the trial record is missing, incomplete or in error no matter who is responsible, and the court may remand the case either for retrial or for correction of the record. An appeal shall not be dismissed because of any other irregularity, error or defect unless it is imputable to the appellant. Except as provided in Article 2162, a motion to dismiss an appeal because of any irregularity, error, or defect which is imputable to the appellant must be filed within three days, exclusive of holidays, of the return day or the date on which the record on appeal is lodged in the appellate court, whichever is later.[4]

This appeal was reinstated on December 30, 2020. The Lawler defendants did not file their motion to dismiss Dr. Alost's appeal until January 27, 2021. Therefore, the Lawler defendants' motion to dismiss is untimely pursuant to La. Code Civ. P. art. 2161. Accordingly, the Lawler defendants' motion to dismiss the appeal is denied.

## Dr. Alost's Assignment of Error

In his sole assignment of error, Dr. Alost argues that the trial court erred in (1) refusing to accept testimony despite ordering such; (2) implicitly denying Dr. Alost's motion to strike; (3) implicitly denying Dr. Alost's constitutional challenge

---

[3] On March 11, 2021, the record was supplemented and the transcript of the October 7, 2019 hearing was provided to this court.

[4] Louisiana Code of Civil Procedure article 2162 applies to the dismissal of an appeal by consent of all parties, for lack of jurisdiction of the appellate court, because there is no right to appeal, or if the appeal has been abandoned.

7

to the special motion to strike in combination with medical privacy laws; and (4) granting the Lawler defendants' special motion to strike.

We first address Dr. Alost's argument that the trial court erred in refusing to accept testimony after ordering such. In his brief, Dr. Alost states the following:

> [Dr. Alost] moved for specified discovery and for Mr. Lawler to appear regarding conflicts between his article, his affidavit, and the code of evidence. The court ordered [Mr. Lawler] to appear. At that hearing the court declined to accept testimony. Can the court refuse to accept testimony after having ordered it? (Footnotes omitted.)

From his brief, it appears that Dr. Alost is referring to a December 2, 2019 hearing. Later in his brief, Dr. Alost again refers to the December 2, 2019 hearing, stating that "on that date the court declined to take any testimony."

At the December 2, 2019 hearing, the Lawler defendants stated that the purpose of the hearing was to hear their motion for new trial. However, the trial court pointed out that no judgment had been signed and, thus, it could not hear the motion for new trial or receive any additional testimony. A trial court has discretion in conducting a trial in an orderly, expeditious manner, and to control the proceedings so that justice is done. La. Code Civ. P. art. 1631(A). This discretion includes the admissibility of a witness's testimony. *Dakmak v. Baton Rouge City Police Dept.*, 2012-1468 (La. App. 1 Cir. 9/4/14); 153 So.3d 498, 510. We find that the trial court did not abuse its discretion by refusing to hear any testimony, including Mr. Lawler's, at a hearing on a motion for new trial, where a final judgment had not yet been rendered. This argument lacks merit.

Dr. Alost further argues that the trial court erred in "implicitly denying [his] constitutional challenge to the special motion to strike in combination with medical privacy laws." Dr. Alost appears to argue that the combination of La. Code Civ. P. art. 971's prohibition of discovery and medical privacy laws prohibiting the access and disclosure of medical records without a patient's consent infringe upon Dr. Alost's due process rights and his access to the courts.

Statutes are presumed to be constitutional. *Moore v. RLCC Technologies, Inc.*, 95-2621 (La. 2/28/96); 668 So.2d 1135, 1140. A statute must first be questioned in the trial court, not the appellate courts, and the unconstitutionality of a statute must be specially pled and the grounds for the claim particularized. When the unconstitutionality of a statute is specifically pled, the claim must be raised in a petition (the original petition, an amended and supplemental petition or a petition in an incidental demand), an exception, a motion or an answer. *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94); 646 So.2d 859, 864-65.

In his "Motion to Strike, objections, and Motion for Specified Discovery and Subpoenas," Dr. Alost stated:

> Should Defendant refuse to consent to the release of medical records and force a hearing on the Special Motion to Strike without such information[,] this would be an unconstitutional application of the laws infringing upon Dr. Alost's right to due process and his access to the courts.

It is not clear from the "Motion to Strike, objections, and Motion for Specified Discovery and Subpoenas" which statute Dr. Alost is alleging to be unconstitutional. Although he elaborates upon this to some extent in his appellate brief, he did not provide enough information in the proceedings below for the trial court to rule on his motion to strike. Having not been properly raised at the trial court, we will not address this argument on appeal. See *Vallo*, 646 So.2d 859, 864-65; *Reno v. Scafco, L.L.C.*, 2003-1232 (La. App. 3 Cir. 3/3/04); 870 So.2d 311, 314; *Johnson v. Carter*, 97-1800 (La. App. 4 Cir. 3/4/98); 707 So.2d 1366, 1367.

Dr. Alost further argues that the trial court erred in granting the Lawler defendants' special motion to strike. A special motion to strike is an extraordinary procedural mechanism that allows for the summary dismissal of certain meritless lawsuits that, merely by being filed, chill the valid exercise of the constitutional right of free speech and of petition for redress of grievances. A defendant asserting

a special motion to strike bears the initial burden of proving the plaintiff's cause of action is subject to such a motion by making a prima facie showing that their comments are protected by either the right of petition or of free speech under either the United States or Louisiana constitutions and in connection with a public issue. If a defendant satisfies this initial burden, the burden shifts to the plaintiff to demonstrate a probability of success on the claim. See La. Code Civ. P. art. 971; see also *Breen*, 236 So.3d at 636.

Thus, our initial consideration is whether the Lawler defendants met their burden of demonstrating that (1) the suit stems from an act related to free speech, and (2) the speech is connected to a public issue. See La. Code Civ. P. art. 971(A)(1); see also *Breen*, 236 So.3d at 636. Louisiana Code of Civil Procedure article 971(F)(1)(d) states that an "[a]ct in furtherance of a person's right of petition or free speech under the United States or Louisiana Constitution in connection with a public issue" includes "conduct in furtherance of the exercise of . . . the constitutional right of free speech in connection with a public issue or an issue of public interest."

Dr. Alost does not dispute that his suit stems from an act related to free speech. He argues that complaints made about him and published in the article are private disputes between private parties, not matters of public concern. The term "public issue" is not defined by La. Code Civ. P. art. 971. *Schittone v. Stoma*, 2017-1732 (La. App. 1 Cir. 5/2/18); 2018 WL 2078822 (unpublished *per curiam*), at *4. However, in addressing the meaning of what constitutes a "public issue" within the context of this article, the Louisiana Supreme Court turned to jurisprudence of the United States Supreme Court, which described speech on matters of public concern as speech "relating to any matter of political, social, or other concern to the community." The United States Supreme Court stated that whether speech addresses a matter of public concern must be determined by the

content, form and context of a given statement, as revealed by the whole record. *Schittone*, 2018 WL 2078822 at *4; citing *Shelton v. Pavon*, 2017-0482 (La. 10/18/17); 236 So.3d 1233, 1241.

In its ruling on the special motion to strike, the trial court stated "that the article published by Lawler – a media defendant – involved a matter of public concern[.]" Upon our consideration of the content, form, and context of the speech, we agree with the trial court and find that the quality of health care provided at a local hospital is a matter of concern to the community. *E.g., see* *McGowan v. Housing Authority of New Orleans*, 2012-1418 (La. App. 4 Cir. 3/27/13); 113 So.3d 1143, 1152-54.

Because we find that Dr. Alost's suit stems from an act related to free speech and is connected with a public issue, the burden shifts to Dr. Alost to demonstrate a probability of success on the claim. See La. Code Civ. P. art. 971; see also *Breen*, 236 So.3d at 636. Dr. Alost's claim is defamation-based. See *Alost*, 277 So.3d at 332 n.2. Defamation involves the invasion of a person's interest in his or her reputation and good name. To maintain an action for defamation, a plaintiff has the burden of proving: (1) defamatory words; (2) unprivileged publication; (3) falsity; (4) actual or implied malice; and (5) resulting injury. If even one of these required elements is lacking, the cause of action fails. *Thinkstream, Inc. v. Rubin*, 2006-1595 (La. App. 1 Cir. 9/26/07); 971 So.2d 1092, 1101; see also *Costello v. Hardy*, 2003-1146 (La. 1/21/04); 864 So.2d 129, 139-40.

In its ruling on the special motion to strike, the trial court wrote that it had "seen no evidence to suggest that Lawler acted with actual malice in publishing the newspaper article at issue[.]" Malice, for purposes of the tort of defamation, is a lack of reasonable belief in the truth of the allegedly defamatory statement. Only when it is found that a statement has been made without reasonable grounds for believing it to be true can the person making the statement be found to be

motivated by malice or ill will. *Thinkstream, Inc.*, 971 So.2d at 1101-02. Further, speech on matters of public concern enjoys enhanced constitutional protection. *Romero v. Thomson Newspapers (Wisconsin), Inc.*, 94-1105 (La. 1/17/95); 648 So.2d 866, 869. In cases involving statements about a public figure or a matter of public concern, the plaintiff must prove actual malice, that is, that the defendant either knew the statement was false or acted with reckless disregard for the truth. *Regan v. Caldwell*, 2016-0659 (La. App. 1 Cir. 4/7/17); 218 So.3d 121, 127, writ denied, 2017-0963 (La. 4/6/18); 239 So.3d 827.

Dr. Alost argues in his brief that Mr. Lawler's article contradicts his own claims – namely, that Mr. Lawler's father was photographed with an IV in his arm, despite Mr. Lawler's assertion that there was no IV; that a nurse who spoke out about Dr. Alost immediately performed an action she complained Dr. Alost had not ordered; and that the nurses were lazy and uncaring. Dr. Alost further asserts that Mr. Lawler's implication that his father was never seen by Dr. Alost has no basis. According to Dr. Alost, these facts demonstrate a reckless disregard for the truth of the matter.

On *de novo* consideration of the article at issue, we agree with the trial court's conclusion that there is no evidence to suggest that Mr. Lawler acted with actual malice in publishing the article. The article largely consists of Mr. Lawler's own experiences when he was with his father at the emergency room at Willis-Knighton. The article mentions Dr. Alost directly on only a few occasions: (1) when he wrote what the nurses allegedly told him about Dr. Alost; (2) when he wrote about a Facebook comment that complained about Dr. Alost; and (3) when he mentioned the allegedly poor service provided by Dr. Alost and stated that it was unclear what Willis-Knighton would do about Dr. Alost or why they had hired him. There is no indication that Mr. Lawler lacked any reasonable belief in the truth of his statements about Dr. Alost. Accordingly, we find that Dr. Alost has

12

failed to demonstrate a probability of success in proving malice. This argument lacks merit.[5]

The Lawler Defendants' Answer to the Appeal

On September 24, 2020, the Lawler defendants answered Dr. Alost's appeal, seeking an increase in the amount of attorney's fees awarded and seeking an increase in the trial court's award of attorney's fees to reflect the fees and costs of this appeal pursuant to La. Code Civ. P. art. 971. On November 5, 2020, this court dismissed Dr. Alost's appeal as premature due to Dr. Alost's pending motion for new trial. On November 18, 2020, this court amended the dismissal to dismiss the Lawler defendants' answer to the appeal, thus dismissing the appeal in its entirety.

On December 2, 2020, Dr. Alost filed an application for rehearing, asserting that his pending motion for new trial had been denied. Accordingly, on December 30, 2020, this court granted Dr. Alost's application for rehearing and reinstated the appeal. However, this court did not reinstate the Lawler defendants' answer to the appeal. Thus, the Lawler defendants' answer was never reinstated and is not properly before this court.

**DECREE**

For the above and foregoing reasons, we convert this appeal to an application for supervisory writs, which we grant. However, we deny the relief requested by Terence Alost, M.D., as we find no error in the Nineteenth Judicial District Court's December 17, 2019 judgment granting Danny Lawler and Danny Lawler Enterprises, L.L.C.'s special motion to strike and dismissing Terence Alost, M.D.'s petition against these defendants with prejudice. Costs are assessed to

---

[5] Dr. Alost's sole remaining argument is that the trial court erred in implicitly denying his motion to strike Mr. Lawler's affidavit for testimony in violation of the Louisiana Code of Evidence. However, we did not find it necessary to consider Mr. Lawler's affidavit when determining that the trial court properly granted the Lawler defendants' special motion to strike. Therefore, considering our findings above, we pretermit discussion of this argument.

13

Appellant, Terence Alost, M.D.  We deny Danny Lawler and Danny Lawler Enterprises, L.L.C.'s motion to dismiss the appeal.

**APPEAL CONVERTED TO SUPERVISORY WRIT; WRIT GRANTED; RELIEF DENIED; MOTION TO DISMISS APPEAL DENIED.**